1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT MAHER,                              No.  2:21-cv-0351 AC P

12              Plaintiff,

13        v.                                     ORDER

14   SACRAMENTO COUNTY
     CORRECTIONAL HEALTH SERVICES,
15
                Defendant.
16

17        Plaintiff is a federal inmate proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.[1]  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and

21   he will be given an opportunity to amend the complaint.

22        I.      APPLICATION TO PROCEED IN FORMA PAUPERIS

23        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   ─────────────────────
28   [1]  Plaintiff's complaint is premised on conduct that occurred while he was a federal pretrial
     detainee housed at the Sacramento County Jail.  Compl. at 1.

                                            1

1   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

4   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

6   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7   1915(b)(2).

8   II.   SCREENING REQUIREMENT

9   The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

11  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

12  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

13  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

14  U.S.C. § 1915A(b)(1) & (2).

15  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

16  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d

17  1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on

18  indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.' "

19  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490

20  U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122,

21  1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully

22  pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations

23  omitted).

24  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

25  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

26  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

27  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

28  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   THE COMPLAINT

At all times relevant to this action, Plaintiff was a federal pretrial detainee housed at the Sacramento County Jail ("Jail").  He proceeds on an Eighth Amendment medical indifference claim against the Sacramento County Correctional Health Services ("CHS").

Plaintiff claims that he suffers from several pre-existing medical conditions, including tachycardia and hypertension.  These two cardiac conditions are manageable with the medication Propranolol, if taken consistently.  Without the medication, plaintiff experiences many side effects, including a fast resting heartrate, which, if left untreated, can cause life threatening conditions.  Plaintiff's conditions are documented in his medical records.

Plaintiff alleges that when he first arrived at the Jail, CHS was diligent with filling his medications.  However, on three separate occasions—July 2, 2019; July 17, 2019; and July 4,

2020[2]—his cardiac medication was not administered or refilled.  Each time, plaintiff's resting

heartrate exceeded 120 bpm, and he suffered physical injury to his heart and vital organs.

Following the third occurrence, plaintiff suffered a cardiac emergency and taken by ambulance to

Sutter Medical Center.

Plaintiff seeks injunctive relief in the form of uninterrupted dispensing of his medication[3]

and compensatory damages in the amount of $500,000.

IV.   ANALYSIS

A.   Medical Care

"[C]laims for violations of the right to adequate medical care brought by pretrial detainees

against individual defendants under the Fourteenth Amendment must be evaluated under an

objective deliberate indifference standard."  Gordon v. County of Orange, 888 F.3d 1118, 1124–

25 (9th Cir. 2018).  The elements of a pretrial detainee's medical care claim are: (1) the defendant

made an intentional decision with respect to the conditions under which the plaintiff was

confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the

defendant did not take reasonable available measures to abate that risk, even though a reasonable

official in the circumstances would have appreciated the high degree of risk involved—making

the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the

defendant caused the plaintiff's injuries.  Id. at 1125.  "The mere lack of due care by a state

official does not deprive an individual of life, liberty, or property under the Fourteenth

Amendment."  Id. (quotation marks and citation omitted).  "Thus, the plaintiff must prove more

than negligence but less than subjective intent—something akin to reckless disregard."  Id.

(quotation marks and citation omitted).

While plaintiff alleges that Jail staff did not dispense his medication on three occasions,

plaintiff does not provide any names or context to frame this claim, such as with whom he spoke,

---

[2]  These dates are not included in the body of the complaint.  The Court ascertained them from plaintiff's medical records, which are attached to the complaint.

[3]  Plaintiff contends this is in violation of a consent decree entered into by the Jail in Mays v. Sacramento, No. 2:18-cv-2081-TLN-KJN, concerning, among other things, the timely provision of medication at the Sacramento County Jail.

4

1   what he said to them, or how they responded.  Without such information, plaintiff's medical care

2   claim cannot proceed.

3            B.  Monell Liability

4        Plaintiff names CHS as the sole defendant in this action.  The Court will assume for

5   present purposes only that CHS is functioning as an arm of the government (the State or a

6   municipality) for purposes of a section 1983 civil rights claim.  See, e.g., Sutton v. Providence St.

7   Joseph Med. Ctr., 192 F.3d 826, 835–36 (9th Cir.1999) (explaining circumstances for private

8   conduct to be "fairly attributable" to government action for purposes of a section 1983 "Monell

9   claim" against the government).  To state a viable claim pursuant to Monell v. Dept. of Social

10  Services of the City of New York, 436 U.S. 658 (1978), plaintiff must identify not only a

11  constitutional deprivation, but a policy (or entrenched custom that amounts to same) that is both

12  "deliberately indifferent" to plaintiff's right and constitutes the "moving force" behind the

13  constitutional violation itself.  Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006).  There

14  are three ways to show a policy or custom:

15              (1) [B]y showing a longstanding practice or custom which constitutes
                the standard operating procedure of the local government entity; (2)
16              by showing that the decision-making official was, as a matter of state
                law, a final policymaking authority whose edicts or acts may fairly
17              be said to represent official policy in the area of decision; or (3) by
                showing that an official with final policymaking authority either
18              delegated that authority to, or ratified the decision of, a subordinate.

19  Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005) (cleaned up).

20       Plaintiff claims that CHS has a practice of not administering medication in a timely

21  manner.  To proceed on a Monell claim, the practice or custom must be more than "random acts

22  or isolated events" and instead must be a "permanent and well-settled practice."  Thompson v.

23  City of Los Angeles, 885 F.2d 1439, 1443–44 (9th Cir. 1989) (cleaned up), overruled on other

24  grounds by Bull v. City and Cnty. of San Francisco, 595 F.3d 964 (9th Cir. 2010).  Thus, "[p]roof

25  of a single incident of unconstitutional activity is not sufficient to impose liability under Monell,

26  unless proof of the incident includes proof that it was caused by an existing, unconstitutional

27  municipal policy."  Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985).  Here, CHS

28  apparently failed to dispense plaintiff's medication twice in July 2019 and once in July 2020.  The

5

1    Court concludes that these isolated incidents do not suggest a pattern or practice.

2          C.   Eleventh Amendment

3          "The Eleventh Amendment bars suits for money damages in federal court against a state,

4    its agencies, and state officials acting in their official capacities."  Aholelei v. Dep't of Pub.

5    Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); see Pennhurst State Sch. & Hosp.

6    v. Halderman, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective

7    relief to enjoin alleged ongoing violations of federal law.  See Wolfson v. Brammer, 616 F.3d

8    1045, 1065–66 (9th Cir. 2010); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10

9    (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  See

10   Hafer v. Melo, 502 U.S. 21, 30–31 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

11         To the extent plaintiff seeks money damages against CHS, those claims are barred by the

12   Eleventh Amendment.  In addition, to the extent plaintiff seeks injunctive relief based on his

13   experience at the Jail, those claims are moot because he has since been transferred to Federal

14   Correctional Institution in Sheridan, Oregon.  See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir.

15   2001) ("It is true that when a prisoner is moved from a prison, his action will usually become

16   moot as to conditions at that particular facility."); Birdwell v. Beard, 23 F. App'x 884, 884 (9th

17   Cir. 2015) ("The district court properly concluded that [plaintiff's] claims for injunctive and

18   declaratory relief were moot because after bringing this action, [plaintiff] was transferred to

19   another prison where he is no longer subject to the prison policies he challenges.").

20         D.   Leave to Amend

21         Plaintiff fails to state a cognizable claim.  Plaintiff will be given an opportunity to amend

22   the complaint to assert factual allegations that would remedy the infirmities identified above.  In

23   an amended complaint, plaintiff must address the problems with his complaint that are explained

24   above.  Plaintiff is advised that in an amended complaint they must clearly identify each

25   defendant and the action that defendant took that violated plaintiff's constitutional rights.  The

26   court is not required to review exhibits to determine what plaintiff's charging allegations are as to

27   each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

28   complaint.  The charging allegations must be set forth in the amended complaint so defendants

                                                      6

have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of the claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

1    VIII.   PLAIN LANGUAGE SUMMARY FOR A PRO SE LITIGANT

2        Your request to proceed in forma pauperis is granted, and you will not have to pay the

3    filing fee all at once.  The court has screened your complaint and finds that it does not state a

4    claim for relief.  The complaint will not be served, but you may file an amended complaint that

5    tries to fix the problems described in this order.

6        If you choose to amend your complaint, follow the instructions provided above.  Be sure

7    to clearly identify who did what to violate your rights.  Remember that supervisors can be liable

8    only for violations they participate in or otherwise cause; they can't be sued for things that other

9    people did.

10                                        CONCLUSION

11        Accordingly, IT IS HEREBY ORDERED that:

12        1.  The Clerk of Court shall send plaintiff a copy of this court's Civil Rights Complaint

13   By A Prisoner form;

14        2.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is GRANTED;

15        3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

16   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).

17   All fees shall be collected and paid in accordance with this court's order to the Warden of Federal

18   Correctional Institution, Sheridan filed concurrently herewith; and

19        4.  Within thirty days from the date of this order, plaintiff shall file a first amended

20   complaint.

21   DATED: November 3, 2022

22                                    _____
                                     ALLISON CLAIRE
23                                   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                            8